**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jimmy Dale LEE, Defendant–Appellant.**

No. 91–6079.

United States Court of Appeals,
Tenth Circuit.

Feb. 19, 1992.

June E. Tyhurst, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Timothy D. Leonard, U.S. Atty., and Robert G. McCampbell, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

This appeal presents the question whether the policy statements of Chapter 7 of the United States Sentencing Guidelines (U.S.S.G.) regarding supervised release are mandatory and binding or whether they are advisory statements that the court is required merely to consider at the time of sentencing. We hold that the policy statements of the U.S.S.G. must be considered by the sentencing court but that they are advisory in nature. For the reasons set forth below, we affirm the district court.[1]

Defendant Jimmy Dale Lee was originally sentenced in August 1988, after conviction for unlawful possession of a firearm, to fifteen months imprisonment followed by two years of supervised release. The conditions of defendant's supervised release required that he submit to drug tests and refrain from illegal drug use. Defendant tested positive for methamphetamine in September 1989, and was ordered to reside in a halfway house for drug treatment. He successfully completed the program, left the halfway house, and enrolled in a drug aftercare program. In January 1991, defendant again tested positive for cocaine metabolite. As a result of this second violation of a condition of his supervised release, the district court revoked his supervised release and sentenced him to twenty-four months imprisonment, explaining:

> The Court recognizes that to his credit [defendant] has conformed with a number of the rules and conditions of his supervised release, however this is a case where the history of this defendant is a poor one. The Court has had conversations with this defendant personally previously on the record advising him that if he were to test dirty with respect to narcotics, he would indeed go to prison and he would go to prison for a substantial period of time. The Court placed a great degree of trust in this defendant by adopting the course of conduct that I adopted previously but I left this defendant with no questions whatsoever as to what would happen if he appeared before me again in this capacity. He has now appeared before me again in that capacity and it's the judgment of this Court that his term of supervised release is hereby revoked and he is ordered to serve 24 months in the custody of the Bureau of Prisons.

III R. 14–15.

Defendant challenges the length of his sentence, arguing that under U.S.S.G. § 7B1.4 (policy statement), the appropriate sentence would have been only three to nine months imprisonment.[2] The govern-

---

1. After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Defendant's sentence was longer than that suggested in U.S.S.G. § 7B1.4 (policy statement) but did not exceed the maximum sentence allowed by statute. See 18 U.S.C. § 3583(e)(2) & (e)(3). Defendant calculated his proposed sentence from the Revocation Table, U.S.S.G. § 7B1.4. His criminal history category at the time of his original sentencing was "category I." His was a "grade C" violation, pursuant to § 7B1.1(a)(3)(B) (violation of a condition of supervision not punishable independently as a criminal act).

The government rejected defendant's suggestion that the appropriate sentencing range was three to nine months, noting the statutory requirement of 18 U.S.C. § 3583(g): "If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release." Under § 3583(g), the statutory minimum in this case would have been one-third of Defendant's original supervised release sentence of twenty-four months, or eight months.

In some cases, failure to pass a urinalysis drug test has been the basis not only of the charge of breach of a condition of supervised release, but also of the criminal charge of possession of the drug for which the defendant tested positive. See, e.g., United States v. Blackston, 940 F.2d 877 (3d Cir.), cert. denied, —— U.S. ——, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991). Some of these cases include lengthy analysis of whether a positive drug test constitutes "posses-

ment counters that the district court was not bound by the policy statements of Chapter 7 in the Sentencing Guidelines and that defendant's sentence was appropriate for his circumstance and individual history.

■ We will consider these issues in reverse order: first, whether the policy statements of U.S.S.G. Chapter 7 are mandatory or advisory, and second, whether the length of defendant's sentence was unreasonable under the circumstances of the case. We review the district court's interpretation of the sentencing guidelines de novo, while we accept its application of the guidelines to the facts unless clearly erroneous. *United States v. Whitehead,* 912 F.2d 448, 450 (10th Cir.1990).

The courts that have commented have regarded the U.S.S.G.'s policy statements as not carrying the same imperative as the guidelines themselves.[3] *See, e.g., United States v. Blackston,* 940 F.2d 877, 893 (3d Cir.) ("Chapter 7 policy statements are not 'guidelines.' Whereas guidelines are binding on the courts, policy statements are merely advisory."), *cert. denied,* — U.S. ——, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991); *United States v. Pharr,* 916 F.2d 129, 133 n. 6 (3d Cir.1990) ("We recognize that policy statements are not binding in the same way as the actual guidelines."), *cert. denied,* — U.S. ——, 111 S.Ct. 2274, 114 L.Ed.2d 725 (1991); *see also United States v. Oliver,* 931 F.2d 463, 465 (8th Cir.1991) (noting, "there are no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation"); *United States v. Ayers,* 946 F.2d 1127, 1130 (5th Cir.1991) (implying

that policy statements are not binding). In *United States v. Gutierrez,* 908 F.2d 349 (8th Cir.1990), in dissenting to a panel opinion later vacated by an equally divided en banc court, *see* 917 F.2d 379 (8th Cir.1990), Judge Heaney explained:

> Congress directed the Sentencing Commission to establish guidelines and policy statements. 28 U.S.C. § 994. The statute is silent as to what force the policy statements were to have. Nonetheless, Congress must have envisioned a difference between guidelines and policy statements or it would not have made the distinction.

908 F.2d at 353.

Review of the subsections of 18 U.S.C. § 3553 and of 18 U.S.C. § 3583 confirms that policy statements are to be treated differently than guidelines. *Compare* 18 U.S.C. § 3553(b), entitled "Application of guidelines in imposing a sentence" ("The court *shall impose* a sentence of the kind, and within the range referred to …") (emphasis added), *with* 18 U.S.C. § 3553(a)(5), entitled "Factors *to be considered* in imposing a sentence" ("any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced") (emphasis added). In § 3583(e), Congress specifically recited that "[t]he court may, after *considering* the factors set forth in section … [3553](a)(5)," terminate, extend, revoke, or modify a term of supervised release pursuant to the terms of this section. (emphasis added).

The policy statements at issue here are especially amenable to a flexible and con-

sion" of the drug in the defendant's body. Defendant herein, however, was not charged with possession of cocaine, but merely with the breach of a condition of his supervised release. Thus, no issue was presented to the district court, nor is any before us, concerning the appropriate § 7B1.4 "grade" of the violation or whether § 3583(g) is applicable. *See generally United States v. Boling,* 947 F.2d 1461, 1462 (10th Cir.1991) (Sentencing Commission chose to sanction violation of supervised release "as a 'breach of trust,' leaving the punishment for new criminal conduct to the court responsible for sentencing for that new conduct.").

3. *United States v. Saucedo,* 950 F.2d 1508 (10th Cir.1991), does not hold otherwise. In *Saucedo,* we stated: "Generally, a court is required to apply the guidelines, including 'any pertinent policy statements issued by the Commission,' that are in effect on the date the defendant is sentenced." *Id.,* at 1513 (quoting 18 U.S.C. § 3553(a)(4)). This statement, taken in context, merely focuses on which version of the guidelines and policy statements are applicable. *Id.* Whether policy statements are binding was not an issue in that case and was not specifically addressed by the court.

sidered application. They arise from the supervised release provisions of 18 U.S.C. § 3583.

In passing § 3583, Congress sought to replace a parole system in which the length of post-incarceration supervision was dependent upon the length of the original prison term with a supervised release system in which the length of such supervision is dependent solely on the defendant's need for supervision after release from jail.

*United States v. Dillard*, 910 F.2d 461, 466 (7th Cir.1990) (quoting *United States v. Montenegro–Rojo*, 908 F.2d 425, 432 (9th Cir.1990)); *see* U.S.S.G. Ch. 7, Pt. A2(a), (b) intro. comment.; S.Rep. No. 225, 98th Cong., 2d Sess. 122–24, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3305–06.

The introduction to Chapter 7 contains explicit statements about the nascent quality of its provisions.

At this time, the Commission has chosen to promulgate policy statements only. These policy statements will provide guidance while allowing for the identification of any substantive or procedural issues that require further review. The Commission views these policy statements as evolutionary and will review relevant data and materials concerning revocation determinations under these policy statements. Revocation guidelines will be issued after federal judges, probation officers, practitioners, and others have the opportunity to evaluate and comment on these policy statements.

U.S.S.G. Ch. 7, Pt. A1; *see also id.* Pt. A5; *United States v. Boling*, 947 F.2d 1461, 1462 (10th Cir.1991) ("In dealing with violations of supervised release the Sentencing Commission chose to issue policy statements rather than guidelines, in order to permit evaluation after experience with the new supervised release concept."); *Blackston*, 940 F.2d at 893.

■ We hold that under 18 U.S.C. § 3583 and U.S.S.G. Ch. 7 Pt. A1 & A5, the policy statements regarding revocation of supervised release contained in Chapter 7 of the U.S.S.G. are advisory rather than mandatory in nature. This holding is specifically limited to U.S.S.G. Ch. 7. Other policy statements in the Sentencing Guidelines must be examined separately in the context of their statutory basis and their accompanying commentary. We see no conflict between our holding today and our cases applying and interpreting U.S.S.G. § 5K1.1, which is also a policy statement. *See, e.g., United States v. Long*, 936 F.2d 482, 483 (10th Cir.) (Section 5K1.1's requirement of an actual motion by the prosecution to allow for downward departure due to substantial assistance by the defendant is a jurisdictional requirement.), *cert. denied*, —— U.S. ——, 112 S.Ct. 662, 116 L.Ed.2d 753 (1991); *United States v. Vargas*, 925 F.2d 1260, 1267 (10th Cir.1991) (Section 5K1.1's motion requirement "is an unequivocal condition precedent; the court may not act sua sponte in such matters."); *United States v. Kuntz*, 908 F.2d 655, 657 (10th Cir.1990) (Section 5K1.1 requires a motion by the prosecution.). Section 5K1.1 is part of Chapter 5 of the U.S.S.G.; Chapter 5's commentary does not evince the same advisory tone found in Chapter 7's introduction. Also, the language in § 5K1.1 found mandatory by our court, is taken directly from 18 U.S.C. § 3553(e) which the policy statement implements. In *Kuntz*, we noted the direct correspondence.

Section 5K1.1 provides that *"[u]pon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  (emphasis added). The section implements 18 U.S.C. § 3553(e), which provides that *"[u]pon motion of the Government,* the court shall have authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." (emphasis added).

*Kuntz*, 908 F.2d at 657 (alterations in original). The cases noting the mandatory nature of this provision in § 5K1.1 recognize that the motion requirement is suggested, if not compelled, by the underlying statute;

they do not hold that policy statements are binding as a general rule. A provision set out in a policy statement may be binding because required by the underlying statutes. We note particularly that 18 U.S.C. § 3553(e), upon which U.S.S.G. § 5K1.1 is based, which is entitled "Limited authority to impose a sentence below a statutory minimum," also emphatically states, "[s]uch sentence *shall* be imposed in accordance with the guidelines *and policy statements* issued by the Sentencing Commission." *Id.* (emphasis added). This language would appear to give binding effect to the policy statements themselves in § 5K1.1.

In contrast to § 5K1.1 and 18 U.S.C. § 3553(e), the range set out in § 7B1.4 is not compelled by its underlying statute, 18 U.S.C. § 3583(e)(2), (3). That section establishes only maximum sentences, and is stated in permissive terms: "The court *may,* after considering the factors set forth in [various subsections of 18 U.S.C. § 3553(a) ] ... revoke a term of supervised release, and require the person to serve in prison ... pursuant ... to the provisions of applicable policy statements issued by the Sentencing Commission...." 18 U.S.C. § 3583(e).

■ Although we conclude that policy statements generally are not mandatory, they must be considered by the trial court in its deliberations concerning punishment for violation of conditions of supervised release. *See* 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, *shall consider* ... any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2).") (emphasis added); *see also Ayers,* 946 F.2d at 1130 ("Even if the policy statements are not *binding* on the courts, the court should *consider* them in sentencing defendants."); *United States v. Fallin,* 946 F.2d 57, 58 (8th Cir.1991) (district court should have considered the policy statements); *United States v. Anderson,* 942 F.2d 606, 610 n. 4 (9th Cir. 1991) (en banc) (must consider policy statements in sentencing); *United States v. Baclaan,* 948 F.2d 628, 631 (9th Cir.1991) (same).

■ In reviewing the specific sentence of imprisonment imposed by the district court after revocation of defendant's supervised release and the court's explanation for that sentence, we will not reverse if it can be determined from the record to have been reasoned and reasonable. Under similar circumstances, the Third Circuit held:

> When there is no applicable sentencing guideline (Chapter 7 policy statements are not "sentencing guidelines"), and when the district court sentences within statutory limits ([defendant] concedes that the district court did not exceed its authority under section 3583(e)(3)), we are empowered to review the court's sentence and will not disturb it unless it is "plainly unreasonable," 18 U.S.C. § 3742(e)(4). *See [United States v.] Scroggins,* 910 F.2d [768,] 769 [11th Cir. 1990].

*Blackston,* 940 F.2d at 894.

The district court appropriately relied on 18 U.S.C. § 3583 when it determined that twenty-four months was the maximum prison sentence available upon revocation in this case. That statute provides that "[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)— ... revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e). We note that defendant's original term of supervised release was twenty-four months.

■ The factors to which § 3583 refers and which the district court must consider before revoking a defendant's supervised release and sentencing that defendant to imprisonment for the breach of a condition of supervised release include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with appropriate treatment. While "there is no requirement that the district court make

specific findings relating to each of the factors considered," *United States v. Graves*, 914 F.2d 159, 160 (8th Cir.1990), the sentencing court should state the reasons for its action. *See* 18 U.S.C. § 3553(c).

■ In the case before us, although the court did not specifically reference U.S.S.G. § 7B1.4 in its order, it is evident that the court considered the provisions of U.S.S.G. Ch. 7. At defendant's supervised release revocation hearing, the district court stated: "I do not believe that the policy statements cited by counsel [U.S.S.G. Chapter 7] are mandatory. I do not believe that the Court is required to impose a sentence within the so-called range." III R. 13. Of course, even failure to consider Chapter 7 policy statements when sentencing after revocation of supervised release is harmless error when the sentence is clearly reasonable and justified. *See Fallin*, 946 F.2d at 58.

■ The district court was quite explicit about the factors it did consider for sentencing; taken together they satisfy 18 U.S.C. § 3553, the statutory reference for the list of factors which the district court must consider upon sentencing under § 3583. *Cf. United States v. Lockard*, 910 F.2d 542, 546 (9th Cir.1990) ("18 U.S.C. § 3553(c) requires the district court to state, in open court, its general reasons for its imposition of the particular sentence"). The district court recited the nature and circumstances of the offense by which defendant breached the trust of the court, as well as the defendant's history of criminal conduct. III R. 13–14. The court also emphasized individual deterrence by stressing the importance of following through with its previous orders and threatened sanctions for any future conduct associated with illegal drug use by defendant. *Id.* at 14. Thus, the district court's explanation of the sentence it imposed was sufficiently reasoned to satisfy the requirements of 18 U.S.C. § 3553.

AFFIRMED.