986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Stanley Lysander LASSITER, Defendant-Appellant.
 No. 92-5476.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 1, 1993
Decided: February 18, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, District Judge. (CR-90-46-NN)
 Daniel Roger Lahne, Knight, Dudley, Dezern & Clarke, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Mark A. Exley, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Stanley Lysander Lassiter appeals an order of the district court which revoked his supervised release and imposed a term of nine months imprisonment for his violation of the terms of supervised release. He appeals this sentence, alleging that the district court failed to consider the factors set out in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1992) or available alternatives to revocation of supervised release, and failed to state its reasons for imposing a term of nine months. We affirm.
 
 
 2
 A special condition of his supervised release was that he participate in a drug treatment program. Lassiter began to participate in a drug treatment program in December 1991. On May 1, 1992, the district court held a hearing to consider revocation of supervised release because Lassiter had tested positive for cocaine approximately five times. Advised that Lassiter was working full-time, the court decided to continue the hearing for six weeks, and warned Lassiter that if he did not remain drug-free he would be facing a three to nine month sentence.
 
 
 3
 At the second hearing six weeks later, the court was informed that Lassiter had again tested positive for cocaine at least three times and had been ejected from the drug treatment program. Through his attorney, Lassiter explained that he could not deal with his personal problems without resorting to drugs, and needed an in-patient drug treatment program. The court was informed by the probation officer and the marshall that with a nine-month sentence it should be possible for Lassiter to get into a drug treatment program in a federal facility. Without objection, the district court then imposed a sentence of nine months.
 
 
 4
 Because Lassiter did not argue below that the district court should extend or modify his supervised release rather than revoking it, we review the court's decision for plain error only. United States v. Davis, 954 F.2d 182 (4th Cir. 1992). While there is no requirement that the district court make specific findings to show that it has considered the factors set out in 18 U.S.C.A. § 3553(a), the court should make clear the reasons for the action it takes. United States v. Lee, 957 F.2d 770, 775 (10th Cir. 1992). We find that the record of the two hearings serves as an adequate statement of the court's reasons for revoking Lassiter's supervised release rather than extending or modifying it, see United States v. Copley, 978 F.2d 829 (4th Cir. 1992), and that its reasons satisfy the aim of § 3553 that the sentence be sufficient, but not greater than necessary. Lassiter himself, through counsel, informed the court that he was unable to comply with the terms of his release while he was at liberty. A term of nine months was chosen so that Lassiter could get needed drug treatment while in confinement, and is within the minimum range available. United States Sentencing Commission, Guidelines Manual,s 7B1.4 (Nov. 1991).
 
 
 5
 We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED