UNITED STATES COURT OF APPEALS

**Filed 6/25/96**

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PETER I. PHILIPS, also known as
Emaraobebi Idaba,

Defendant-Appellant.

No. 95-6310
(D.C. No. CR-92-141-T)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Peter Philips pled guilty to one count of making false statements on a loan application in August 1992. The district court sentenced him to 149 days' imprisonment, which was the amount of time already served at the time of sentencing, followed by three years of supervised release. In July 1995, defendant pled guilty to mail fraud. Based on this subsequent conviction, the district court revoked defendant's supervised release. Although application of the policy statements in Chapter Seven of the sentencing guidelines would yield a sentence in the range of four to ten months for the original conviction, see U.S.S.G. § 7B1.4(a), the district court sentenced defendant to twenty-four months' imprisonment, the maximum permitted by statute. Defendant appeals this sentence, arguing that the policy statements should be treated as binding on the district court, absent "extraordinarily compelling reasons" for departure, which he contends are not present in this case. Appellant's Br. at 5.

We recently considered and rejected a similar argument in United States v. Hurst, 78 F.3d 482, 483-84 (10th Cir. 1996). After considering the effect of the Supreme Court's opinions in Stinson v. United States, 508 U.S. 36 (1993), and Williams v. United States, 503 U.S. 193 (1992), on our earlier decisions, we reaffirmed our holding in United States v. Lee, 957 F.2d 770, 773-74 (10th Cir. 1992), that the policy statements in Chapter Seven concerning the revocation of supervised release are only advisory, and that a trial court's decision to impose a sentence in excess of that recommended by the policy statements will not be reversed "'if it can be determined from the record to have been reasoned and

2

reasonable.'" <u>Hurst</u>, 78 F.3d at 483-84 (quoting <u>Lee</u>, 957 F.2d at 774).  The record here reflects that the district court articulated a number of reasons for its decision to impose a sentence in excess of that recommended in U.S.S.G. § 7B1.4(a).  As the district court's decision appears to be both "reasoned and reasonable," <u>Lee</u>, 957 F.2d at 774, it must be upheld.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.


Entered for the Court


James E. Barrett
Senior Circuit Judge