**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUDY CAMPBELL,

      Defendant-Appellant.

No. 96-6351
(D.C. No. CR-94-76-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO**, Circuit Judge, and **MURPHY**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this appeal, Judy Campbell challenges her two-year sentence of imprisonment following the revocation of the balance of her term of supervised release. She has filed her own statement to the court following the filing of a brief by her counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967). We have read the record and taken into account Ms. Campbell's personal statement. Concluding the district court did not err, we affirm its judgment.

Ms. Campbell was originally convicted of embezzling from her employers, physicians in private practice. She plead guilty and was sentenced to confinement for ten months followed by supervised release for five years. While on release, Ms. Campbell was charged with state offenses of writing "bogus" and "fraudulent" checks. She also failed to notify her probation officer of her arrest on those charges, contrary to the terms of her supervised release. These circumstances constituted violations of the conditions of that release.

At the commencement of the hearing on revocation, Ms. Campbell admitted without reservation, having issued the illegal checks. In response to the second charged violation, through her counsel she stated she had assumed her son had advised her probation officer of her arrest; therefore, she did not personally tell the probation officer. When asked, Ms. Campbell agreed with that statement. The district court construed the statement as an admission "with mitigation." With that, the court concluded Ms. Campbell had violated the conditions of release and proceeded to determine disposition.

The court turned to a letter sent by Ms. Campbell to the telephone company for the apparent purpose of restoring her telephone service. The letter purportedly was written to Ms. Campbell on the letterhead of the probation office and contained the signature of "Lorraine Luggins." Lorraine Liggins was Ms. Campbell's probation officer. The letter stated the writer had "spoken with Judge Alley, who is hearing your case, as you know. He has decided to give you until 10:00 Monday to have your telephone reinstated." The writer also purported to have "done some research" and concluded Ms. Campbell was legally entitled to the restoration of her telephone service. Testimony established the letter and its contents were false. Ms. Campbell was unable to explain how this letter came into existence or who sent it to the telephone company.

After lengthy statements by Ms. Campbell and her counsel, the court iterated the factors motivating its decision. First, the court recalled, the crime of conviction was "reprehensible" because the victims from whom she stole were private parties who had offered her employment. Next, the court commented while Ms. Campbell was on release she passed "lots of bad checks written for small amounts to grocery stores," and concluded, "that cannot be condoned." Yet, the court found a "very mitigating explanation" for Ms. Campbell's failure to advise her probation officer and apparently discounted that violation.

Finally, the court believed the bogus letter was "on an entirely different moral plane, [] indicative of an absence of some moral makeup in Mrs. Campbell, which was

shown to be so absent with respect to the embezzlements that led her here to begin with." Believing Ms. Campbell's violations too serious for application of the indicated guidelines on Chapter Seven, the court remanded her for additional confinement for two years.

On appeal, Ms. Campbell's counsel contends the district court erred by departing from the recommended sentencing guideline range to fix the defendant's term of imprisonment. Counsel argues the court should have employed the range of four to ten months in accord with the Chapter Seven policy statement recommendation. Ms. Campbell herself contends her sentence was improper because she was not given a "preliminary hearing" and was "told to plead guilty." She adds the district court "was more interested in finding me guilty of my original crime that [sic] the revocation." Admitting she had violated the terms of her supervised release, Ms. Campbell offers mitigating circumstances that she believes the district court should have considered. She concludes she was "not given a fair opportunity to rectify this situation." We shall deal with these issues in turn.

As Ms. Campbell's counsel concedes, the Chapter Seven policy statements are advisory and not mandatory. *United States v. Lee*, 957 F.2d 770, 773 (10th Cir. 1992). When the district court does not follow the recommendation, we review the record to determine whether the decision was "reasoned and reasonable." *Id.* at 774; *United States v. Hurst*, 78 F.3d 482, 484 (10th Cir. 1996).

When read as a whole, it is evident the district court's decision was not only reasoned, but also that it was reasonable. It is clear the court believed Ms. Campbell was still conducting herself in the "reprehensible" way that led to her conviction, and her previous confinement and time on supervised release did not effect a change in that conduct. For those reasons, the court concluded the recommended guideline was insufficient. While we might not have reached the same conclusion, we cannot say the court's analysis was unreasonable. Moreover, the record simply belies Ms. Campbell's claim she was rushed, or that she was reticent about the admission of her violations. She did have an explanation for not communicating herself with the probation officer, and the court accepted that explanation. Although the court recounted the events leading to her conviction, that was done in the context of reflecting upon her lack of progress and rehabilitation. The court also heard the other mitigating factors from counsel, but was obviously not moved by them. We find no fault in the way the hearing was conducted.

The judgment of the district court is **AFFIRMED**. The motion of counsel for the appellant to withdraw is **GRANTED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge