**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

JOSE ALONZO VALENZUELA-
CASTANEDA,

    Defendant - Appellant.

No. 98-3046

(D. Kansas)

(D.C. No. 92-CR-30011-01-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jose Alonzo Valenzuela-Castaneda stipulated to a violation of the conditions of his supervised release, and the district court sentenced him to a term of twenty-one months' imprisonment, to be served consecutively to an undischarged term of imprisonment. Valenzuela-Castaneda appeals the sentence, contending that it was based upon the district court's erroneous belief that a consecutive term was mandatory. We affirm.

## BACKGROUND

Valenzuela-Castaneda was previously convicted in the District of Kansas for the offense of escape, for which he received a sentence of thirty-three months' imprisonment and three years' supervised release. Immediately upon his release from imprisonment, Valenzuela-Castaneda was deported to Mexico. Later, however, Valenzuela-Castaneda was apprehended and prosecuted in the District of New Mexico for illegal reentry to the United States. He pleaded guilty and was sentenced to a term of fifty-seven months' imprisonment.

Following Valenzuela-Castaneda's conviction in New Mexico, the Kansas probation officer filed a petition seeking revocation of his supervised release under the prior District of Kansas sentence. Apparently, the probation officer recommended a prison term of twenty-four months, to be served consecutively to the sentence for illegal reentry. At the final revocation hearing, Valenzuela-

Castaneda urged the district court to terminate the supervised release, which would effectively obviate any punishment and sentence for violation of the relevant release conditions. Valenzuela-Castaneda's arguments explicitly presumed that any prison term for violation of the supervised release would be consecutive to his sentence for illegal reentry.

> Obviously, it would cost the tax payers a great deal of money, approximately forty thousand dollars, to incarcerate Mr. Castaneda for an additional two years if his supervised release were revoked and he was sentenced to incarceration in this matter.
>
> Mr. Castaneda is going to be punished by a term of almost . . . five years, . . . in addition to the 33 months that he has already served in this case. It occurs to us that that is sufficient punishment, Your Honor, and we see no good that could come from Mr. Castaneda having to serve an additional two years, so therefore we do request that the supervised release be terminated.

R. Vol. II at 4-5.

In response, the government argued that Valenzuela-Castaneda's history did not warrant termination of the supervised release, but, rather, "given the past track record of this defendant[,] [i]t appears, Judge, that he's not going to abide by any sort of conditions that the Court might set . . . ." Id. at 6.

After hearing the arguments, the district court stated,

> Well, it appears to the Court that I do not have a great amount of leeway. The only leeway I might have would be to terminate the supervised release. If I need to sentence this man, there's apparently a requirement that I make his term consecutive, and I apparently have no great leeway as to the range of an imprisonment in this case, so I'm going to proceed with the sentencing recommendation here.

I'm going to make a finding, of course, that you have violated your term of supervised release by re-entering the United States when you were prohibited to do so. You have had numerous convictions for illegal entry and/or re-entry to the United States and from all indications, have no intent to discontinue this type of activity, and the most serious grade of violation is Grade B with a criminal history category of six. The guideline range is 21 to 24 months, and the Court is going to depart somewhat from the probation officer's recommendation and sentence you to the minimum that I can, which is 21 months.

Id. at 7.

Valenzuela-Castaneda now contends that the district court erred in interpreting the guidelines to require a consecutive sentence.

**DISCUSSION**

As noted, Valenzuela-Castaneda failed to object to the district court's statement regarding the requirement for consecutive sentences. Consequently, we review for plain error only. United States v. Williamson, 53 F.3d 1500, 1526 (10th Cir. 1995). Under this standard, Valenzuela-Castaneda must show that a clear and obvious error affected his substantial rights and seriously affected the integrity of his judicial proceedings. See Johnson v. United States, 520 U.S. 461, ___, 117 S. Ct. 1544, 1548-49 (1997) (citing United States v. Olano, 507 U.S. 725, 732-36 (1993)). In all cases, the defendant bears the burden of demonstrating that he was prejudiced by the error before this court can grant relief. Olano, 507 U.S. at 734.

In this case, the relevant sentencing guideline provides that:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f), p.8.

Valenzuela-Castaneda contends that the above guideline does not create a mandatory requirement that the sentence be consecutive. As authority, he cites United States v. Lee, 957 F.2d 770, 773 (10th Cir. 1992), for its holding that "the policy statements regarding revocation of supervised release contained in Chapter 7 of the U.S.S.G. are advisory rather than mandatory in nature." While Valenzuela-Castaneda correctly cites Tenth Circuit authority, he does not go far enough. That is, notwithstanding the advisory nature of Chapter 7 policy statements, Lee specifically requires a sentencing court to consider those statements in its deliberations. Id. at 774. Additionally, Lee also provides that a district court's sentence for revocation of supervised release will not be reversed "if it can be determined from the record to have been reasoned and reasonable." Id.; see also United States v. Hurst, 78 F.3d 482, 483-84 (10th Cir. 1996).

In this case, the record amply supports the conclusion that the district court's sentence was both reasoned and reasonable. Thus, even if the district court did misinterpret the guideline's advisory nature, Valenzuela-Castaneda has

failed to demonstrate any clear and obvious error which "seriously affect[ed] the fairness, integrity or public reputation of [his] judicial proceedings."[1]  Johnson, 117 S. Ct. at 1550 (internal quotations omitted).

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]Inasmuch as we find that there is no plain error in any event, we need not consider whether the court's recognition of its ability to terminate the supervised release, together with its statement, "[i]f I need to sentence this man," R. Vol. II at 7, adequately demonstrates its awareness of its discretion.