F I L E D
United States Court of Appeals
Tenth Circuit

SEP 26 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

NORBERT THOMASSON,

    Defendant-Appellant.

No. 00-2311
(D.C. No. CR-96-692-MV
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL, HOLLOWAY** and **JONES**,[**] Circuit Judges.

Defendant Appellant Norbert Thomasson brings this appeal from a sentence of imprisonment imposed by the district court upon revocation of a previously imposed period of supervised release.

**I**

In 1991, in the United States District Court for the Middle District of Florida, Norbert Thomasson pleaded guilty to a charge of conspiracy to possess marijuana

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Nathaniel R. Jones, United States Circuit Judge for the Sixth Circuit, sitting by designation.

with intent to distribute. He was sentenced to a term of imprisonment to be followed by a term of supervised release. After serving his term of imprisonment, he was allowed to serve his period of supervised release in the District of New Mexico, where he had previously lived. In 1999, Mr. Thomasson was arrested for assaulting his wife. In the resulting prosecution, he pleaded guilty in state court to a fourth degree felony, a misdemeanor, and a petty misdemeanor. III R. 5.

In separate proceedings, the United States Attorney's office filed a petition for revocation of Mr. Thomasson's supervised release, based on his violation of the mandatory condition that he "not commit another federal, state, or local crime" during the term of his release. I R. Doc. 2.[1] The district court held a hearing on the government's petition for revocation. At the hearing, Mr. Thomasson admitted the violation but presented evidence to support his sole contention – that the domestic dispute giving rise to the petition was not a crime of violence.[2] The district judge

---

[1]The record does not include copies of the state court documents, but at the hearing on the petition for revocation the district judge recited the charges, apparently reading from the plea agreement which was introduced as an exhibit at that hearing. According to this transcript of the revocation hearing, the state charges were "attempt to commit a felony, and that is aggravated battery against a household member[,] and aggravated battery against a household member which is a misdemeanor[,] and then a petty misdemeanor of assault against a household member . . . ." *Id.* at 8-9.

[2]Under U.S.S.G. § 7B1.1, violations of supervised release are divided into three categories, identified as Grades A through C. Grade A violations include conduct that is punishable by a term of imprisonment exceeding one year and*, inter*

(continued...)

found that Mr. Thomasson's conduct constituted an act of violence, a "Grade A Violation" under § 7B1.1(a)(1) of the Sentencing Guidelines, and sentenced him to 18 months' imprisonment. He now brings this appeal from his sentence.

## II

Mr. Thomasson raises only one issue on appeal, asserting that the district court erred by not making findings to support its determination that his sentence would be based, in part, on placing him in criminal history category III under the Sentencing Guidelines. The Sentencing Guidelines provide policy statements in Chapter 7 to steer the district courts in assessing the appropriate punishment for violation of conditions of supervised release. In *United States v. Hurst*, 78 F.3d 482, 483 (10th Cir. 1996), we noted that

> "In *United States v. Lee*, 957 F.2d 770, 773 (10th Cir. 1992), we held 'the policy statements regarding revocation of supervised release contained in Chapter 7 of the U.S.S.G. [including U.S.S.G. § 7B1.4(a)] are advisory rather than mandatory in nature.' However, 'they must be considered by the trial court in its deliberations concerning punishment for violation of conditions of supervised release.' *Lee*, 957 F. 2d at 774."

There was apparently no dispute in the federal district court that Mr.

---

[2](...continued)

*alia*, "is a crime of violence." A Grade B violation is one which involves conduct punishable by a term of imprisonment exceeding one year but not otherwise specified as a Grade A violation. In the instant case, Mr. Thomasson argued in the district court that the conduct was not a crime of violence and so should be classified as a Grade B violation rather than a Grade A violation. He does not make this argument on appeal.

Thomasson's guilty plea in state court was to an offense punishable by more than one year in prison, thus constituting either a Grade A or a Grade B violation under U.S.S.G. § 7B1.1(a). Under § 7B1.3(a)(1), revocation of probation is required for Grade A or Grade B violations with a term of imprisonment to be determined according to § 7B1.4.[3] Under § 7B1.4, one of the factors in determining the sentencing range is the defendant's criminal history category, as calculated at the time of the original sentence: "The criminal history category to be used in determining the applicable range of imprisonment . . . is the category determined at the time the defendant originally was sentenced to the term of supervision." U.S.S.G. § 7B1.4, comment. (n.1) (2000). The commentary further provides: "In the rare case in which no criminal history category was determined when the defendant originally was sentenced . . . the court shall determine the criminal history category that would have been applicable at the time the defendant originally was sentence to the term of supervision." *Id*.

---

[3]While it may seem strange that a guidelines chapter expressly designated as advisory only should contain a provision which purportedly is mandatory, the contradiction is only apparent, not real. The Sentencing Commission explained that it chose not to issue binding guidelines in the first instance because several aspects of the supervised release concept "represent recent changes in federal sentencing practices." USSG Ch. 7, Pt. A, intro. comment. at ¶ 3(a). The Commission also stated that "[a]fter an adequate period of evaluation, the Commission intends to promulgate revocation guidelines." *Id*. In other words, § 7B1.3(a)(1) may become truly mandatory if it is eventually adopted as a guideline, as opposed to a policy statement.

When Mr. Thomasson was sentenced in Florida in 1991, judgment was entered by the court on the customary form, which includes a space for specifying the criminal history category that was used in determining the guidelines range. That space was left blank on the 1991 judgment. Mr. Thomasson now contends that this is a "rare case" in which the original sentencing court did not determine the criminal history category. As a result, he argues, the New Mexico federal district court – in setting the sentence to be served for violation of the original term of supervised release – was required to make the determination that the original sentencing court failed to make in 1991.

Mr. Thomasson concedes that this issue was not raised below and that our review, consequently, is only for plain error. Our analysis under the plain error doctrine involves four steps. We have described these as follows:

> [T]he error must (1) be an actual error that was forfeited; (2) be plain or obvious; and (3) affect substantial rights . . . . Where the law was settled at the time of trial and clearly contrary to the law on appeal, it is sufficient if the error is plain on appeal. Given plain error that affects substantial rights, an appellate court should exercise its discretion and notice such error where it either (a) results in the conviction of one actually innocent, or (b) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Keeling*, 235 F.3d 533, 538 (10th Cir. 2000) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)) (internal citations omitted).

For several reasons we are persuaded that Mr. Thomasson cannot carry the burden of showing plain error. First, in the proceedings in the district court, counsel

for Mr. Thomasson was the first to suggest that the appropriate criminal history category was category III. Thus, if there were error it would have been an invited error, precluding Mr. Thomasson from invoking our aid on appeal to undo what his counsel suggested be done. *See United States v. Edward J.*, 224 F.3d 1216, 1222 (10th Cir. 2000). More fundamentally, we do not find that there was error, at least not error that is plain or obvious. We are not persuaded that the district court failed to follow the procedures set out in Chapter 7 of the Guidelines, as Mr. Thomasson contends. Although the 1991 judgment of the Florida district court left the criminal history space blank, that court did adopt the pre-sentence report, which determined that the defendant was in category III. It seems clear that the district judge in the instant case determined from the materials before her – the 1991 PSR and judgment together – that Mr. Thomasson had been sentenced in 1991 based on his being in criminal history category III.[4]

Moreover, Mr. Thomasson has made no attempt to show that the alleged error affected substantial rights. Counsel does not even suggest that re-visiting the 1991 criminal history determination would lead to a different result.

In short, we find no error by the district court; even if there were error, we

---

[4]Thus, we reject Thomasson's argument that the district court committed plain error by imposing an illegal sentence because we reject the argument's premise that the district court "fail[ed] to even consider the omission of a criminal history category in the original judgment and whether it should independently determine the appropriate criminal history category . . . ." Appellant's Reply Brief at 3.

would still affirm under the doctrine of invited error; and the judgment also should be upheld under the doctrine of plain error, the defendant appellant having failed to make a showing of the denial of a substantial right. Accordingly, the judgment of the district court is **AFFIRMED.**

ENTERED FOR THE COURT

William J. Holloway, Jr.
Circuit Judge