**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TONY MILFORD SUTTON,

      Defendant - Appellant.

No. 03-5009
(D.C. No. 01-CR-57-C)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Defendant Tony Milford Sutton appeals his sentence for violating the conditions of

supervised release.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Sutton pled guilty to embezzlement of mail by a postal employee, in violation of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

18 U.S.C. § 1709, and was sentenced to two months' imprisonment and two years' supervised release. While serving his term of supervised release, the probation office filed two petitions alleging that Sutton had violated the terms of his supervised release by submitting six urine specimens that tested positive for cocaine, failing to successfully participate in a substance abuse program, and failing to work regularly at a lawful occupation. Sutton waived his right to a hearing and admitted the allegations. The district court revoked Sutton's supervised release and concluded that, based upon past experience, the suggested Guidelines sentence[1] was "not sufficient for the Bureau of Prisons to provide" Sutton with what was believed to be "necessary [drug] rehabilitation." ROA, Vol. IV at 7. The court sentenced Sutton to eighteen months' imprisonment with a recommendation that he receive substance abuse treatment from the Bureau of Prisons, to be followed by eighteen months' supervised release.

On appeal, Sutton concedes he is in need of drug rehabilitation and that the district court's prior experience in similar cases is an adequate basis for imposing a greater term of imprisonment than suggested in the Guidelines. However, he contends this factor, standing alone, was not "a reasonable basis for arriving at 18 months as the right amount of time to insure completion of treatment." Aplt. Br. at 4.

Revocation proceedings are governed by 18 U.S.C. § 3583(e), which directs a

---

[1] The Sentencing Commission has established "policy statements" rather than official guidelines regarding sentences to be imposed on defendants who have violated their terms of supervised release. See U.S.S.G. Ch. 7 Pt.A.3.

district court to consider factors set forth in various subsections of 18 U.S.C. § 3553(a) before determining an appropriate course of action with regard to a particular defendant. Included among those factors is "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). A district court is not required to make specific findings with respect to each factor, but only to state reasons for its action. See United States v. Lee, 957 F.2d 770, 774-75 (10th Cir. 1992). We will not reverse a sentence imposed upon revocation of supervised release "if it can be determined from the record to have been reasoned and reasonable." Id. at 774.

After carefully examining the record in this case, we conclude the sentence imposed by the district court was both reasoned and reasonable. It is uncontroverted that Sutton had a substance abuse problem. His conduct during his first term of supervised release readily demonstrates this fact and his counsel conceded the point at sentencing ("indeed Mr. Sutton does have a substance abuse problem," ROA, Vol. IV at 4; "He has had a substance abuse problem that actually has spanned about 13 years of his life." Id. at 5). It is further uncontroverted that, during his supervised release he was dismissed from one outpatient treatment facility, was denied admission to another facility, and was unable to successfully complete a substance abuse treatment program. The district court reasonably concluded that, consistent with § 3553(a)(2)(D), it was necessary to impose a term of imprisonment that would allow Sutton to receive substance abuse treatment from

the Bureau of Prisons. In concluding eighteen months was necessary to accomplish this goal, the court noted that based upon the court's prior experience a lesser term was insufficient for treatment to be successful. ROA, Vol. IV at 7 ("Any of that range, four to ten, is not sufficient for the Bureau of Prisons to provide the necessary rehabilitation. At least that has been the experience this court has had with most people."). This conclusion was reasonable given the court's experience with similarly-situated defendants and given the fact that the term of imprisonment actually imposed did not exceed the two-year statutory maximum sentence that could have been imposed on Sutton. See generally United States v. Burdex, 100 F.3d 882, 885 (10th Cir. 1996) (noting a district court is not required to defend its decision to impose a revocation sentence outside the range suggested in Chapter 7 of the Guidelines).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge