F I L E D
United States Court of Appeals
Tenth Circuit

MAY 25 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS COTA-LUGO,

Defendant-Appellant.

No. 03-1283

(D. of Colo.)

(D.C. No. 00-CR-376-B)

**ORDER AND JUDGMENT** [*]

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. [**]

Defendant-Appellant Carlos Cota-Lugo (Cota-Lugo) appeals his sentence for violating the terms of his supervised release from prison. We affirm.

Background

Cota-Lugo was convicted of illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1), sentenced to a prison

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

term of one year and a day, and given a three-year supervised release term with a specific condition that he not illegally reenter the United States. In 2002 he was arrested in Denver, convicted of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and sentenced to a 34-month prison term. He was also convicted of violating the terms of his supervised release, and sentenced to an 11-month prison term to run consecutively to the 34-month term.

## Analysis

We review a sentence upon revocation of supervised release to determine whether it is reasoned and reasonable. *United States v. Lee*, 957 F.2d 770, 774 (10th Cir. 1992). The United States Sentencing Commission, *Guidelines Manual*, § 7B1.4(a)(1) (Nov. 2002) (USSG) recommends a sentence of 5-11 months for violation of a term of supervised release. The district court followed this recommendation, even though the court had the discretion to impose a higher sentence based on the underlying crime. *United States v. Hurst*, 78 F.3d 482 (10th Cir. 1996). Therefore its sentence was both reasoned and reasonable.

In addition, USSG § 7B1.3(f) recommends that a term of imprisonment for a supervised release violation run "consecutively to any sentence of imprisonment that the defendant is serving." The district court followed this recommendation; therefore, the consecutive term was reasoned and reasonable.

We therefore AFFIRM the decision of the district court.  Glen R. Anstine's motion to withdraw as counsel for appellant is granted.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge