**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEREK TYRONE HARRISON,

Defendant-Appellant.

No. 06-3110

District of Kansas

(D.C. No. 98-CR-40012-01-JAR)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Defendant Derek Tyrone Harrison argues that the district court's imposition of a term of supervised release following his violation of an initial term of supervised release was neither reasoned nor reasonable. We reject this argument and affirm the judgment of the district court.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

## BACKGROUND

In 1998, Mr. Harrison pleaded guilty in the District of Kansas to seven counts of robbery, for which the court sentenced him to concurrent terms of 109 months imprisonment followed by three years supervised release. Mr. Harrison's term of supervised release began September 14, 2005. On November 18, 2005, his probation officer informed the district court that Mr. Harrison had violated the terms of his release. Following Mr. Harrison's stipulation to two violations, the district court ordered him to reside at a halfway house for up to 180 days and to complete a residential substance abuse program.

On February 10, 2006, Mr. Harrison's probation officer informed the court that Mr. Harrison had violated the halfway house residency condition. At a hearing before the district court, Mr. Harrison again stipulated to violating the terms of his release. Noting that he found supervised release unpalatable, he requested a sentence of twelve months and one day imprisonment with no supervised release. The court revoked Mr. Harrison's current supervised release, rejected his request, and sentenced him to eight months incarceration to be followed by twenty-four months supervised release. The court explained that it had "considered the nature and circumstances of the violations, as well as the characteristics of the defendant, as well as the sentencing objectives required by statute." R. Vol. II, at 5. The court "also considered the advisory, nonbinding Chapter 7 policy statements issued by the Sentencing Commission" as to what the

proper sentence should be for a violation of the terms of supervised release. *Id.*; *see also* United States Sentencing Guidelines Manual ("U.S.S.G.") Ch. 7 (2005). The court found that the sentence imposed would "address reintegration objectives and provide deterrence from subsequent criminal behavior." R. Vol. II at 6. The court also noted that it was "specifically . . . disregarding [Defendant's sentencing request] because his history of drug abuse warrants further treatment," and because continued monitoring under supervised release could help address Mr. Harrison's mental health issues. *Id.* at 11–12.

## DISCUSSION

On appeal, Mr. Harrison contends that the district court's imposition of supervised release was neither "reasoned nor reasonable" under *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005), and *United States v. Booker*, 543 U.S. 220 (2005). He argues that the district court's assertions regarding its consideration of the sentencing factors listed under 18 U.S.C. § 3553(a) were merely "perfunctory recitations of what the sentencing court knew she was to consider, without any indication that she had actually considered the factors as applied to Mr. Harrison." Brief for Defendant-Appellant at 5.

We review a sentence imposed after a violation of supervised release under a "plainly unreasonable" standard. *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004). Under 18 U.S.C. § 3583(e)(3), if a defendant's original offense was, as in this case, a class C felony, then a district court may punish the

defendant's violation of the terms of supervised release by revoking that release and imposing up to two years imprisonment. Furthermore, if the court imposes a term of imprisonment "less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment," the length of which is not to "exceed the term of supervised release authorized by statute for the offense that resulted in the original term of release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). In announcing a new sentence, the court must consider the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Lee*, 957 F.2d 770, 774 (10th Cir. 1992). The sentencing court, however, need not "consider individually each factor listed in § 3553(a)," or "recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *Contreras-Martinez*, 409 F.3d at 1242 (internal quotation marks and citations omitted). In addition, the district court must consider, but need not follow, the sentencing recommendations for violations of supervised release set forth by the U.S. Sentencing Commission. *See* U.S.S.G. Ch. 7; *Lee*, 957 F.2d at 774–75. Last, as we have previously made clear, a revocation sentence must be both "reasoned and reasonable." *Contreras-Martinez*, 409 F.3d at 1241.

The sentence imposed by the district court in this case easily satisfies these requirements. First, the record recounted above makes plain that the court's

decision was reasoned. The district court explained that it had considered the § 3553(a) sentencing factors before imposing sentence. Moreover, the court credited particular factors as militating for the sentence in this case. Mr. Harrison contends that these explanations were "perfunctory," but what additional verbiage would satisfy him remains unclear. In any event, we disagree with his characterization. As we noted above, a sentencing court need not utter "magic words" to satisfy its duty of reasoned decisionmaking, *see Contreras-Martinez*, 409 F.3d at 1242, and the explanations offered here were adequate.

Second, the terms of Mr. Harrison's sentence are eminently reasonable. The Sentencing Guidelines suggest a five- to eleven-month sentence for a defendant in Mr. Harrison's position. *See* U.S.S.G. § 7B1.4(a). Mr. Harrison's eight month prison sentence falls in the middle of this range. Based on this prison term, the court was authorized to impose up to twenty-eight months of supervised release under 18 U.S.C. § 3583(h) (thirty-six months of supervised release authorized for a Class C felony, 18 U.S.C. § 3583(b)(2), less eight months of imprisonment actually imposed, 18 U.S.C. § 3583(h)). Mr. Harrison's twenty-four-month term falls within this limit. Thus, in sentencing Mr. Harrison, the district court complied with statutory requirements, adopted the Guidelines' recommendations, and explained its reasons for doing so. Such a process is not only reasonable but exemplary. As such, we uphold the sentence in this case.

## CONCLUSION

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge