**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 31, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

REMOND ANDRE MEADOWS,

      Defendant-Appellant.

No. 06-5152
(D.C. No. 04-CR-66-01-HDC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **MCCONNELL**, Circuit Judges.

Defendant Remond Andre Meadows appeals from a twelve-month prison

sentence imposed by the United States District Court for the Northern District of

Oklahoma after Mr. Meadows violated the terms of his supervised release. He

contends that this is an unreasonable sentence in light of the sentencing factors a

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

trial court is required to consider.  See 18 U.S.C. § 3553.  We affirm the sentence, finding it to be reasonable.

On July 8, 2004, Mr. Meadows was charged with possession of cocaine base and marijuana with intent to distribute, possession of a firearm during and in furtherance of a drug trafficking crime, and possession of a firearm and ammunition after former conviction of a felony.  Mr. Meadows was tried by jury, which convicted him on August 5, 2004, of only possession of cocaine base and marijuana.  He was acquitted of the remaining charges.  The U.S. Sentencing Guidelines range for the conviction provided for a sentence of nine- to fifteen-months of custody.  The court sentenced him to fifteen-months' imprisonment and twelve-months' supervised release.  Mr. Meadows did not appeal the conviction or the sentence.

During his period of supervised release, Mr. Meadows was required to attend an in-patient substance abuse program, abide by all the requirements of that program, remain drug-free, maintain employment, and file periodic reports with his probation officer.  His term of supervised release was set to expire on June 9, 2006.  On June 8, 2006, the probation office petitioned the court to revoke Mr. Meadows's supervised release.  The probation office alleged that Mr. Meadows had violated the terms of his release because: (1) he failed to report to his probation officer as directed; (2) he failed to maintain employment; (3) his urine sample tested positive for marijuana, and (4) he failed to submit to

- 2 -

urinalysis and did not attend all the required substance abuse counseling sessions. The government also submitted evidence indicating that he had been generally non-compliant with the requirements of his treatment program. The evidence included documentation from program staff that Mr. Meadows had been belligerent toward staff, violated curfew, damaged a smoke alarm, did not abide by requirements to check in and out of the facility, and missed counseling sessions. The documentation observed that Mr. Meadows did not take the violations seriously. At a hearing on June 19, 2006, Mr. Meadows admitted to violating the terms of his supervised release.

The district court held a sentencing hearing on July 31, 2006, in which Mr. Meadows disputed the finding that he had "absconded" from supervision. However, he did not dispute the remaining allegations. The court sentenced Mr. Meadows to twelve-months' imprisonment, to be followed by twelve-months' supervisory release. The court told Mr. Meadows that "efforts have been made to give you assistance in this matter." In announcing the sentence, the court said it took into consideration "the serious nature of the violations while under the term of supervised release, the defendant's pattern of criminal activity, [and] his flight from supervision." The court also referred to the factors enumerated at 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics that the defendant has displayed, the need for the sentence imposed to reflect the seriousness of the offense, [and] to promote

respect for the law and provide just punishment." The sentence imposed was within the suggested Sentencing Guidelines range of seven to thirteen months of imprisonment under policies that apply to terms imposed after violations of the conditions of supervised release.[1]

On appeal, Mr. Meadows argues that the crime he was convicted of – drug possession – "is not a serious offense," and contends that "[d]rug addiction is a victimless-crime" that can be treated successfully. As such, he argues that it would have been more reasonable and cost-effective for the court to sentence him to an in-patient drug treatment program.

"Under 18 U.S.C. § 3583(e)(3), when a person violates a condition of his or her supervised release, the district court may revoke the term of supervised release and impose prison time." United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004).[2] Because the U.S. Sentencing Guidelines provide only non-

_____

[1] The maximum custody term that can be imposed for violation of a condition of supervised release is one year for each count of the underlying class E felony. 18 U.S.C. § 3583(e)(3). Pursuant to 18 U.S.C. § 3584, a court can order the sentences to run concurrently or consecutively. Mr. Meadows was convicted of two counts of a class E felony, which would total a maximum of two years if the sentences ran consecutively.

[2] 18 U.S.C. § 3583(e)(3) provides that:
[t]he court may, after considering the factors set forth in section 3553 . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of
(continued...)

binding policy statements that apply to the sentence to be imposed after a violation of the conditions of supervised release, the standard for review for a district court's decision to impose such a sentence is "plainly unreasonable" under 18 U.S.C. § 3742(e)(4). United States v. White, 244 F.3d 1199, 1204 (10th Cir. 2001) (citing to the U.S. Sentencing Guidelines Manual, ch. 7). "In reviewing the sentence and the court's explanation of it, 'we will not reverse if it can be determined from the record to have been reasoned and reasonable.'" Id. (quoting United States v. Lee, 957 F.2d 770, 774 (10th Cir. 1992)). "In conducting this analysis, we review the district court's findings of fact for clear error and its legal interpretations of the Sentencing Guidelines de novo." Kelley, 359 F.3d at 1304.

We conclude that the district court, in considering the probation office's sentencing memorandum, Mr. Meadows's own memorandum and admissions, and the additional statements from Mr. Meadows at the sentencing hearing, properly found that Mr. Meadows violated the terms of his supervisory release by a preponderance of the evidence. Moreover, the district court's explanation in the record is "reasoned and reasonable," referring to treatment assistance that had already been provided to Mr. Meadows, his pattern of illegal drug use, and his

---

[2](...continued)
probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than one year [in prison if the felony is a class E felony].

"flight from supervision," reflected in both the failure to report to his probation officer and his failure to abide by the rules of the inpatient treatment program. The prison term of twelve months did not exceed the statutory maximum that could be imposed. Finally, the court was not obligated to impose another term of supervisory release to include additional substance abuse treatment, regardless of the general policy arguments that Mr. Meadows makes in this appeal.[3]

For those reasons, we AFFIRM the district court's sentence.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge


---

[3] The court did recommend that the Bureau of Prisons place Mr. Meadows in a facility in which substance abuse treatment is available.