**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Troy Lee BROOKS, Defendant–
Appellant.**

No. 91–5144.

United States Court of Appeals,
Tenth Circuit.

Oct. 8, 1992.

Stephen J. Greubel, Asst. Public Defender, Tulsa, Okl., for defendant-appellant.

Tony M. Graham, U.S. Atty., and Susan Pennington, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before ANDERSON and BRORBY, Circuit Judges, and CAMPOS *, District Judge.

CAMPOS, District Judge.

■ This appeal presents the question of whether the court, imposing sentence upon the revocation of supervised release, improperly failed to consider or apply policy statements promulgated by the United States Sentencing Commission and set forth in Chapter 7 of the United States Sentencing Guidelines ("U.S.S.G."). We adhere to our earlier holding that the policy statements of the U.S.S.G. must be considered by the sentencing court but are advisory in nature. The sentence imposed by the district court will be affirmed.

Defendant, Troy Lee Brooks, pleaded guilty to violating 18 U.S.C. § 473 and, on

January 6, 1989, was sentenced to a term of one year imprisonment and three years supervised release. On October 2, 1990, the United States Probation Office filed a petition requesting revocation of defendant's supervised release. The sentencing court held an evidentiary hearing and found that defendant had violated the conditions of release. The Court deferred sentencing for so long as defendant complied with certain conditions.

On August 5, 1991, the United States Probation Office filed a new petition requesting revocation of supervised release. At an evidentiary hearing on August 20, 1991, the court announced that it would impose the sentence it had earlier deferred.

Pursuant to U.S.S.G. § 7B1, the United States Probation Office calculated that defendant had committed a Grade C violation and had a Criminal History Category of IV, warranting a range of imprisonment of six to twelve months. The court, however, announced its intention to depart upward and gave counsel one day to provide briefing on the law applicable to such an upward departure.

On August 21, 1991, the court sentenced defendant to two years imprisonment.

Prior to sentencing, the court had been advised of the law applicable to sentencing upon revocation of supervised release. Both defense counsel and the United States Probation Office had referred the court to the U.S.S.G. policy statements that for a Grade C violation and a Criminal History Category IV, the maximum term of imprisonment is twelve months.

In imposing sentence, the court addressed the applicable policy statements, observing that "the commissions's policy statements are only that, they are only policy statements, they are not binding on the court." (Transcript of Proceedings, 8/12/91, p. 6).

Defendant challenges the length of his sentence, arguing that under U.S.S.G.

* The Honorable Santiago E. Campos, United States District Judge for the District of New Mexico, sitting by designation.

§ 7B1, the appropriate range of imprisonment was six to twelve months.

In our recent opinion, *United States of America v. Lee*, 957 F.2d 770 (10th Cir. 1992), we addressed the identical issue. In that case, as here, the sentencing court departed upward from the imprisonment range set out in U.S.S.G. § 7B1, but did not exceed the maximum sentence allowed by statute. *See* 18 U.S.C. § 3583(e).[1] In *Lee*, we recognized that under 18 U.S.C. §§ 3553 and 3583, policy statements are to be treated differently than guidelines and that the policy statements in Chapter 7 of the U.S.S.G. "are advisory rather than mandatory in nature." *United States of America v. Lee*, 957 F.2d at 773. We noted that the imprisonment ranges set out in Chapter 7 are not compelled by the underlying statute.

We have recognized that the policy statements promulgated by the United States Sentencing Commission must be considered by the trial sentencing court in imposing punishment for violation of the terms and conditions of supervised release. *See* 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, *shall consider* ... any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2)) (emphasis added). However, while the district court must *consider* the policy statements, the court is not bound by them.

*See United States of America v. Blackston*, 940 F.2d 877 (3rd Cir.1991) (The court determined that a district court had properly sentenced a defendant to three years imprisonment, although the policy statement in Chapter 7 recommended a four to seven month range. The court held that policy statements are merely advisory and, unlike guidelines, are not binding on the courts).

In this case, the district court appropriately considered and rejected the recommended range contained in Chapter 7 of the U.S.S.G. In *Lee*, we observed:

> While 'there is no requirement that the district court make specific findings relating to each of the factors considered,' *United States v. Graves*, 914 F.2d 159, 160 (8th Cir.1990), the sentencing court should state its reasons for its action. *See* 18 U.S.C. § 3553(c).

*United States of America v. Lee*, 957 F.2d at 774. The district court clearly demonstrated its awareness of the U.S.S.G. § 7B1.1 policy statements and, having demonstrated that awareness, requested counsel to brief the law on an upward departure from the range of sentences noted in the policy statements. After briefing, the court quite clearly stated its reasons for imposing the two-year sentence.[2] The district court amply observed all the requirements of *Lee*.

---

1. Title 18 U.S.C. § 3583 states as follows:
   (e) Modification of conditions or revocation—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—
   (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than three years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony.

2. The sentencing judge stated the basis for the upward departure as follows:
   We look back in time and the desire of everyone was to get you an opportunity to develop a skill that would give you a chance in life to make a good living and to work and to get these past problems behind you, and that was everybody's desire. Your response to that was to go back on the street in an environment that involved association with the worst elements in the community, people that you should have avoided like the plague, and a continuing refusal to comply with the conditions that have been extended to you. And that's what is of concern to the Court and that's why the Court is taking the action is because everything that was done with great regard for you personally and for your condition and for your history was rejected. The only reason I'm acting in the way I propose to act is because of that rejection....

The district court's sentence was reasoned and reasonable. The trial judge solicited briefing on his intention to depart upward from the U.S.S.G. policy statements and made a considered determination that, given the defendant's prior conduct, such departure was warranted. The basis for upward departure included repeated violations of the terms of supervised release after the district court had given defendant opportunity to alter his behavior and had deferred revocation of supervised release. The district court's basis for imposing a two-year sentence was satisfactory under the terms of 18 U.S.C. § 3553.

AFFIRMED.