**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

DEANDRE SMITH,

  Defendant-Appellant.

No. 00-5048
(D.C. No. 92-CR-87-E)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

DeAndre Smith appeals the sentence imposed following the revocation of his supervised release. He contends that the sentence imposed was unreasonable. We affirm.

Mr. Smith was convicted in 1992 of distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B), and 860(a). He was sentenced to 78 months in prison to be followed by 60 months of supervised release. On appeal, this court determined that there was insufficient evidence to support the conviction for distribution near a playground, and remanded with directions to vacate the conviction and to enter a conviction under § 841(a)(1) as a lesser included offense. *United States v. Smith*, 13 F.3d 380 (10th Cir. 1993). On remand, the district court sentenced Mr. Smith to 70 months incarceration to be followed by 48 months of supervised release.

Mr. Smith was released from prison on June 13, 1997, and began serving his term of supervised release. On June 4, 1998, the United States Probation Office filed a petition for revocation of supervised release, alleging that Mr. Smith had violated his terms of supervised release by failing to submit urine samples, failing to work regularly, failing to report when questioned by police, frequenting places where controlled substances were sold, and associating with a convicted felon. Mr. Smith stipulated to the allegations, and the district court modified the terms of supervised release to include a term of home detention.

On December 29, 1999, the Probation Office filed a second petition for revocation of supervised release which included an allegation of a new law violation of cocaine distribution and an allegation of association with convicted felons. Mr. Smith and the government agreed that he would stipulate to the allegation of association in exchange for dismissal of the new law violation charge. Specifically, Mr. Smith stipulated to allegations that he was present when someone he knew was shot, that he was associating with that person and another convicted felon at the time of the shooting, that he knew that the shooting involved a dispute over a drug transaction, and that Mr. Smith had taken the injured individual to the hospital.

Although the guideline range found in Chapter 7 of the United States Sentencing Guidelines is 4 to 10 months, the district court sentenced Mr. Smith to 18 months incarceration,. The court, after holding an evidentiary hearing, concluded that it was appropriate to sentence beyond the term set forth in the guidelines.

> In this case, there have been repeated violations of that rule in regard to your associations with known felons. And for that reason, The Court is going to impose the sentence that I'm imposing. It is the judgment of The Court that the term of supervised release shall be revoked and that the Defendant Deandre Smith be committed to the custody of the U.S. Bureau of Prisons for a period of 18 months.

> I impose this sentence again because it's outside -- I recognize it's outside of the Chapter 7 sentencing range and under U.S. versus Lee, The Court has authority to do so; but it's because of the repeated incidents of criminal association that The Court imposes this sentence because you've not been charged with a violation of any law, but there are certainly strong inferences underlying these associations. I do not take the inferences into consideration in this action. I take only the fact of the violations and the association with the known felons.

Where the district court imposes a sentence in excess of that suggested in Chapter 7 of the Guidelines this court "will not reverse if it can be determined from the record to have been reasoned and reasonable." *United States v. Lee*, 957 F.2d 770, 774 (10th Cir. 1992). *See also United States v. Hurst*, 78 F.3d 482, 483 (10th Cir. 1996); *United States v. Brooks*, 976 F.2d 1358, 1360-61 (10th Cir. 1992).

After a review of the record, we conclude that the 18-month sentence imposed was both reasoned and reasonable. Mr. Smith has repeatedly violated the condition of his supervised release which prohibited association with convicted felons in spite of previous warnings by the Probation Office.

Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge