**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN DANIEL CARTER, also known as Steven Carter,

Defendant-Appellant.

No. 03-6084

(D.C. No. CR-96-121-T)

(W.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Defendant Steven Daniel Carter appeals an order from the United States

District Court for the Western District of Oklahoma revoking his supervised

release and sentencing him to eighteen months' imprisonment followed by

---

*After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

eighteen months' supervised release. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the decision of the district court.

On February 7, 1997, after pleading guilty to money laundering, a class C felony, see 18 U.S.C. § 1956(a)(1); 18 U.S.C. § 3559(a)(3), Defendant was sentenced to 46 months' imprisonment to be followed by 36 months' supervised release. He commenced his term of supervised release on June 27, 2000. Among other conditions of his supervised release, Defendant was not to possess a firearm, associate with any person convicted of a felony without the permission of his probation officer, or commit any federal, state, or local crime.

On August 23, 2002, an Oklahoma County sheriff's deputy stopped Defendant for speeding and following too closely behind another vehicle. Defendant's passenger in the car, William Winder, had previously been convicted of carjacking. During the course of the traffic stop, while the car's passenger door was open, the deputy sheriff observed a handgun in plain view on the car's floor. Defendant denied knowing that the gun was in the car, which he had borrowed from a friend.

The United States Probation Office filed a Petition for Warrant or Summons alleging that Defendant had violated the terms of his supervised release by (1) transporting a loaded firearm in a motor vehicle and possessing a firearm after a prior felony conviction, and (2) associating with a convicted felon also on

supervised release. After conducting an evidentiary hearing, the district court determined that sufficient evidence existed to establish both violations, and revoked Defendant's supervised release. Under the United States Sentencing Commission's policy statement for sentences to be imposed following the revocation of supervised release, the recommended sentence would be four to ten months' incarceration. The district court, however, sentenced Defendant to eighteen months' imprisonment and eighteen months' supervised release.

Defendant raises two issues on appeal. His first contention is that the district court lacked sufficient evidence to find that Defendant had violated the conditions of his supervised release. His second is that the district court impermissibly departed from the sentencing range recommended by the Sentencing Commission's policy statement.

**Revocation of Supervised Release**

We review for clear error the district court's findings of fact regarding Defendant's alleged supervised-release violations. United States v. Hall, 984 F.2d 387, 390 (10th Cir. 1993). To revoke a defendant's supervised release, a district court must find by a preponderance of the evidence that the defendant violated a condition of his release. Id. (citing 18 U.S.C. § 3583(e)(3)).

Regarding the first allegation (transporting a loaded firearm in a motor vehicle and possessing a firearm after a prior felony conviction), the district court

heard testimony from the deputy sheriff who stopped Defendant. The deputy testified that the firearm was "clearly visible with the [car's passenger] door open." Tr., Sept. 5, 2002, at 7. The firearm, the deputy stated, was located "under the passenger's seat, the muzzle facing inside, and the handle and the trigger guard [were] between the doorjamb and the seat." Id. at 6.

Defendant presented no evidence at his initial hearing that he was unaware of the gun's presence in the car. Instead, he called only his mother to testify that Defendant was on his way to Enid, Oklahoma, to pick up his niece when he was stopped. Defendant did, however, file a motion to reconsider almost three months after the district court revoked his supervised release. The court granted Defendant's motion, and heard from Marvin Perry, who testified that he had placed the gun inside the car, unknown to Defendant or Mr. Winder. Mr. Perry also testified, however, that he had placed the handgun in the car "where the barrel was facing towards the door," and that he then pulled the floor mat over the gun to conceal it. Tr., Feb. 27, 2003, at 13-14. After hearing Mr. Perry's testimony, the district court concluded that even if Mr. Perry had placed the gun in the car, clearly someone inside the car had discovered it, because during the traffic stop the gun was no longer concealed by the floor mat.

It is well established that possession may be either actual or constructive. See, e.g., United States v. McKissick, 204 F.3d 1282, 1291 (10th Cir. 2000). To

demonstrate constructive possession in a situation where, as in this case, the defendant was a joint occupant of the automobile, the government must "show some connection or nexus individually linking the defendant to the contraband." Id. (internal quotation marks and citations omitted). The government bears the burden of offering "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the . . . contraband." Id. (internal quotation marks and citation omitted).

The above testimony was sufficient to allow the district court to find by a preponderance of the evidence that Defendant was in constructive possession of a firearm on August 23, 2002. The district court found that Defendant had knowledge of the firearm because it was in plain view when the deputy sheriff stopped him. Furthermore, as the United States asserts on appeal, the gun's barrel was pointing in a different direction when the deputy discovered it than it was when Mr. Perry allegedly placed it in the car, also indicating that someone inside the car had moved the gun. The district court could plausibly infer that Defendant had access to the firearm because it was discovered within a few feet of where he was sitting, inside the car's passenger compartment.

Defendant did not dispute that there was sufficient evidence of the second allegation (associating with a convicted felon) for the district court to find that he had also violated this condition of his supervised release. The district court did

not clearly err by finding Defendant in violation of the conditions of his supervised release.

**Sentence Following Revocation of Supervised Release**

We next consider the sentence of eighteen months' imprisonment imposed by the district court. We will uphold a sentence following the revocation of supervised release as long as it "can be determined from the record to have been reasoned and reasonable." United States v. Lee, 957 F.2d 770, 774 (10th Cir. 1992).

Defendant argues that the sentence of eighteen months' imprisonment was not reasoned and reasonable because it exceeded the range suggested by the Sentencing Commission's policy statement, see USSG § 7B1.4(a), p.s. Defendant's possession of a firearm constituted a Grade B violation for purposes of the policy statement, USSG § 7B1.1(a), p.s., and his criminal history category was Category I, see USSG § 7B1.4(a). The policy statement suggested a sentence of four to ten months' imprisonment. See USSG § 7B1.4(a). Defendant points out that by sentencing him to eighteen months' imprisonment, the district court imposed a sentence at the top of the range suggested for a Grade A violation committed by someone in his criminal history category, see id.

We hold that the sentence of eighteen months' imprisonment was reasoned and reasonable. The district court clearly considered the four- to ten-month

sentence suggested by the Sentencing Commission's policy statement, as both Congress and our precedents require, see, e.g., United States v. Brooks, 976 F.2d 1358, 1360 (10th Cir. 1992) (citing 18 U.S.C. § 3553(a)). The district court heard the evidence against Defendant, and heard Defendant's argument as to why it should impose a sentence at the bottom of the suggested range. After also considering other factors from 18 U.S.C. § 3553(a) enumerated in 18 U.S.C. § 3583(e), the court concluded that a sentence of four to ten months would be "inadequate to reflect the seriousness of the violations and to deter others from like conduct," United States v. Carter, No. CR-96-121-T (W.D. Okla. Sept. 9, 2002) (order revoking supervised release), and imposed a sentence of eighteen months' imprisonment, a term well under the two-year maximum sentence permitted by Congress, see 18 U.S.C. § 3583(e)(3).

The nature and circumstances of Defendant's violation support the district court's sentence. After all, Defendant's conduct was not limited to the single Grade B violation of possessing a (loaded) firearm after a previous felony conviction; Defendant was traveling with both a loaded firearm and a convicted carjacker.

It was reasonable for the district court to impose a sentence that it felt would deter convicted felons on supervised release from traveling together while armed. Because the record demonstrates that the district court considered the

sentencing range recommended by the Sentencing Commission's policy statement and other appropriate factors before imposing this sentence, we cannot say that the district court's decision was not reasoned.

Therefore, we AFFIRM the district court's revocation of Defendant's supervised release and the sentence of eighteen months' imprisonment imposed upon revocation.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge