**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

HAROLD VINCENT ROBINSON,

Defendant - Appellee.

No. 03-4296
(D.C. No. 2:01-CR-267-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**<sup>*</sup>

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

Harold Vincent Robinson appeals his sentence of eighteen months imprisonment followed by thirty-six months of supervised release for violating the conditions of his supervised release. Robinson argues on appeal that his

---

<sup>*</sup> The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence is plainly unreasonable. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

In May 2001, Robinson was indicted for one count of possession of a short-barreled shotgun in violation of 26 U.S.C. § 5861(d). Robinson pled guilty and the district court sentenced him to forty-two months of probation with a special condition that Robinson spend the first six months of his probation in a halfway house. This sentence reflected a seven level downward departure by the district court, reducing Robinson's offense level from a level fifteen, as calculated in his presentence report, to a level eight.

Robinson's probation officer filed a petition for an arrest warrant for Robinson in April 2003 for Robinson's alleged violation of the conditions of his probation. The district court held a probation-violation hearing in November 2003, during which Robinson acknowledged his guilty plea to a state court charge of assault with substantial bodily injury. Robinson's probation was revoked in December 2003, and the district court sentenced him to serve eighteen months in prison, with thirty-six months of supervised release to follow. This sentence represents an upward departure from the recommended Guidelines range of three to nine months. Robinson appeals this sentence, arguing that the district court erred by not properly considering the sentencing factors listed in 18 U.S.C. § 3553(a).

This court will review a sentence only in limited circumstances, including when a sentence was "imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a)(4). "Because there is no applicable sentencing guideline for the sentence to be imposed after a violation of supervised release," we review the sentence to determine if it is "plainly unreasonable." United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004). We will not reverse a sentence imposed after revocation of supervised release if the record reflects that the sentence is "reasoned and reasonable." United States v. Lee, 957 F.2d 770, 774 (10th Cir. 1992). Accepting the district court's findings of fact, unless clearly erroneous, we will review its interpretation of the Sentencing Guidelines de novo. Kelley, 359 F.3d at 1304.

A district court may revoke a term of supervised release and require the defendant to serve time in prison if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). Pursuant to 18 U.S.C. § 3583(e), the court may revoke a term of supervised release only after considering the factors set forth in § 3553(a). Those factors include, inter alia, 1) the nature and circumstances of the offense, 2) the history and characteristics of the defendant, 3) the need for the sentence to afford adequate deterrence to criminal conduct, 4) the need to protect the public from further crimes of the defendant, 5) the need to provide the defendant with needed

training, medical care, or correctional treatment, and 6) the sentencing range established under the sentencing guidelines or the policy statements applicable to a violation of supervised release. Kelley, 359 F.3d at 1304.

Most significant to the matter before us, a district court must consider the policy statements in Chapter 7 of the Sentencing Guidelines before imposing a sentence for violating the conditions of supervised release. § 3553(a)(4)(B); Lee, 957 F.2d at 774 ("[policy statements] must be considered by the trial court in its deliberations concerning punishment for violation of conditions of supervised release."). The relevant policy statements "are advisory rather than mandatory in nature." Lee, 957 F.2d at 773. For example, U.S.S.G. § 7B1.4 recommends terms of imprisonment based on the defendant's criminal history category and the grade of the violation for which the defendant was sentenced to supervised release.

District courts must consider Chapter 7's policy statements along with the factors listed in § 3553(a) before issuing a sentence. Sentencing judges need not consider each factor individually, "[r]ather it is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence." Kelley, 359 F. 3d at 1305.

In Lee, despite the sentencing court's omission of any reference to § 7B1.4 in its order, we held that the court adequately considered the Chapter 7 policy statements because the court stated at the revocation hearing: "I do not believe

that the policy statements cited by counsel [U.S.S.G. Chapter 7] are mandatory." 957 F.2d at 775. Additionally, because the sentencing court delineated the factors it considered for sentencing, we held that the court satisfied the requirements of § 3583(e). In United States v. Brooks, 976 F.2d 1358 (10th Cir. 1992), we held that a district court's decision to revoke a term of supervised release and impose prison time was "reasoned and reasonable" because the court stated the basis for its sentencing determination and said that "the commissions's [sic] policy statements are only that, they are only policy statements, they are not binding on the court." 976 F.2d at 1359. Finally, in Kelley, the district court "noted that it considered the policy statements in Chapter 7," Kelley, 359 F.3d at 1304, and "explained the other factors it took into account," Id. at 1305, leading us to conclude that the "sentence was reasoned and reasonable . . . ." Id.

The district court in the instant case relied on Chapter 7 of the Sentencing Guidelines more explicitly than the courts in Lee, Brooks, or Kelley did. The court began the sentencing hearing by noting: "[w]e have an original Offense Level of 15 and original Criminal History Category of I, a grade violation C, a guideline range of three to nine." (III R. at 3.) The government referred the court to Application Note 4 in the commentary to § 7B1.4 (III R. at 6-8) which states: "[w]here the original sentence was the result of a downward departure . . . that resulted in a sentence below the guideline range applicable to the defendant's

underlying conduct, an upward departure may be warranted."  U.S.S.G. § 7B1.4, cmt. n.4.  When Robinson argued that the recommended sentencing range takes into account his guilty plea to the state charge, the court responded, "[w]hat it doesn't take into account is the downward departure he previously received with an admonition he stay out of trouble, which he obviously has not done."  (III R. at 12.)  Finally, the court stated that it formulated Robinson's sentence "under 7B1.4, Application Note 4."  (III R. at 16.)

The district court fulfilled the requirements of §§ 3583(e) and 3553(a).  Especially because we do not "demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider," Kelley, 359 F.3d at 1305 (quotations omitted), we conclude that a sentence of eighteen months in prison with thirty-six months of supervised release to follow is reasoned and reasonable in this case.

Accordingly, we **AFFIRM** the sentence imposed by the district court.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge