**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

SUSIE JANE PATTON,

　　　　Defendant-Appellant.

No. 04-6142

(W.D. Oklahoma)

(D.C. No. CR-03-168-M)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Susie Jane Patton appeals the district court's order revoking her probation

on a prior conviction and sentencing her to thirty-six months' incarceration,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. See FED. R. APP. P. 34(f); 10TH CIR. R. 34.1(G).

followed by twenty-four months' supervised release. We affirm the district court's decision.

## I. BACKGROUND

In October 2003, Ms. Patton pleaded guilty to one count of falsely representing and using another person's social security number as her own, a violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2(b). The district court sentenced Ms. Patton to five years' probation. One of the conditions of probation was that Ms. Patton not commit another federal, state, or local crime.

In April 2004, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. The Petition alleged that, on March 6-7, 2004, Ms. Patton had violated a condition of probation by committing the state crime of possessing a credit card belonging to another person, after former conviction of a felony. According to the Petition, Ms. Patton had been charged with that offense in Cleveland County, Oklahoma District Court. The government also alleged that Ms. Patton had failed to notify her federal probation officer of her arrest on the credit card charge.

The district court conducted an evidentiary hearing on the Petition. United States Probation Officer Michelle Mathews testified that Ms. Patton was aware of the conditions of probation and that the state court charge had been filed against

Ms. Patton in Cleveland County, Oklahoma District Court on March 10, 2004. The probation officer explained that the credit card allegedly possessed by Ms. Patton belonged to Maxine Moore, who is the mother of Robert Moore, Ms. Patton's former boyfriend.

At the hearing, the government also introduced a copy of Ms. Moore's credit card statement for transactions between February 12 and March 2, 2004. The statement includes charges to a drug store on February 13, 2004, a $1,176.23 charge to an electronics store on February 18, 2004, and a charge to a meat market on February 25, 2004. Additionally, the government introduced a surveillance photograph taken at the drug store on February 13, 2004. The photograph shows Ms. Patton standing near the counter.

Ms. Moore also testified at the evidentiary hearing. She stated that, on March 6, 2004, she noticed that her credit card was missing from the night stand in her bedroom. Upon calling the credit card company, she discovered approximately $2,000 in unauthorized charges. Although Mr. Moore lived at his mother's house at that time, Ms. Moore testified that he had never used her credit card. According to Ms. Moore, Ms. Patton often visited her house and thus could have obtained the credit card.

Ms. Moore further testified that Ms. Patton had admitted to making some of the unauthorized charges. In particular, Ms. Moore reported that she had

received a phone message from Ms. Patton in which Ms. Patton stated that she would return a sound system to an electronics store. Ms. Patton also told Ms. Moore that she had gone to a meat market and purchased three roasts, one for Ms. Moore, one for Ms. Patton's mother, and one for herself.

Finally, Mr. Moore testified at the evidentiary hearing. He denied making any of the charges on Ms. Moore's credit card in February and March 2004. He stated that he had received an e-mail message from Ms. Patton in which she said that she had tried to contact Ms. Moore by phone to apologize. Ms. Patton's e-mail message also referred to the purchase from the electronics store, stating that "I have also been told to return the speakers & amp so that there is a large credit on the account." Rec. doc. 25, ex. 4.

According to Mr. Moore, when his mother discovered that her credit card was missing, he confronted Ms. Patton. She apologized to him and said that she would put a check in the mail to pay for the charges.

The district court found that Ms. Patton had violated the conditions of her probation by (1) possessing Ms. Moore's credit card and using it to make purchases without authorization, and (2) failing to notify her federal probation officer within seventy-two hours of her contact with state law enforcement.

The court noted that Ms. Patton had committed the credit card offense shortly after receiving probation on the initial charge:

[T]he conduct of the Defendant in this particular instance [is] fairly outrageous. The reason for that is that literally, within hours of this Defendant standing before this Court and representing that the Court would not see her again, the Court, after hearing the statements made at that sentencing hearing, gave this defendant a five-year probationary period.

Within hours of that, literally, the Defendant . . . was out . . . using the credit card of Ms. Maxine Moore, which she had no authority to use.

. . . .

The Court finds that there is more than enough for this court to find by a preponderance of the evidence that this Defendant's supervised release should be revoked.

Rec. vol. IV, at 11-12.


# II. DISCUSSION

On appeal, Ms. Patton argues that the evidence is insufficient to support the revocation of her probation. She also argues that the sentence of thirty-six months' incarceration is excessive.

We review a decision to revoke probation for fundamental unfairness or for an abuse of discretion. United States v. Reber, 876 F.2d 81, 83 (10th Cir. 1989). "Probation may be revoked if the . . . court is reasonably satisfied that a violation of probation conditions has occurred." Id. The court may base its decision upon a preponderance of the evidence. See United States v. Bujak, 347 F.3d 607, 609

(6th Cir. 2003) (holding that "the preponderance of the evidence standard . . . applies to determinations of whether a probationer has violated a condition of probation"). As for the sentence imposed following revocation of probation, we will not reverse if it can be determined from the record that the sentence is "reasoned and reasonable." United States v. Brooks, 976 F.2d 1358, 1361 (10th Cir. 1992).

### A. Sufficiency of the Evidence

In challenging the sufficiency of the evidence, Ms. Patton asserts that it was Mr. Moore who used Ms. Moore's credit card. She further contends that the Moores fabricated their testimony against her.

We are not persuaded by Ms. Patton's arguments, which are not supported by evidence in the record. The Moores' testimony and the government's documentary evidence, particularly the credit card statement and the surveillance photograph of Ms. Patton at the drug store on the date of some of the unauthorized charges, provide ample evidence to support the district court's finding that she committed the credit card offense and thereby violated the terms of her probation.

## B. Length of Sentence

Ms. Patton also challenges the length of her sentence. She contends that the district court did not adequately consider the factors set forth in 18 U.S.C. § 3553, including (1) the nature and circumstances of the offense; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law; and to provide just punishment; (3) the adequacy of deterrence to criminal conduct; (4) protection of the public from future crimes; (5) the need for effective vocational training and medical care; (6) the kinds of sentences available; (7) the applicable guidelines or policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution to victims of the offense.

Ms. Patton further observes that under chapter seven of the Guidelines, the range of punishment upon revocation of probation is four to ten months. She contends that the district court did not provide an adequate explanation for exceeding this range.

Again, we are not persuaded by Ms. Patton's arguments. As the government observes, the Sentencing Commission's policy statements regarding revocation of probation "are advisory rather than mandatory." United States v. Lee, 957 F.2d 770, 773 (10th Cir. 1992); see also United States v. Kelley, 359 F.3d 1302, 1307 (10th Cir. 2004) (noting that this circuit has "approved sentences

above the Chapter 7 range without any indication that the district court considered the sentencing range that originally applied to the underlying offense"). Thus, "[a] sentence in excess of the Chapter 7 range is not a 'departure' from a binding guideline." United States v. Burdex, 100 F.3d 882, 885 (10th Cir. 1996). It is the statutory maximum, rather than a Guideline range, that limits the length of the sentence. Id.

Additionally, "[w]hen imposing a sentence, a district court need only consider [the factors set forth in] 18 U.S.C. § 3553(a) en masse and state its reasons for imposing a given sentence." Id. at 886. "[A]bsent a contrary indication in the record, this court will assume that a district court weighed each of the sentencing factors set forth in § 3553(a) in exercising its discretion . . . even where the district court does not explicitly so state at the sentencing hearing or in its order." United States v. Rose, 185 F.3d 1108, 1111 (10th Cir. 1999).

Here, the three-year term of imprisonment imposed by the district court falls within the statutory maximum for the underlying social security offense. See 42 U.S.C. § 408(a)(7)(B) (providing for a maximum term of imprisonment of five years). Although the government argued that the court should impose the maximum sentence allowed by the statute, the district court did not follow that recommendation. The court did find that Ms. Patton's conduct was "fairly outrageous," explaining that Ms. Patton had violated the terms of probation "within hours" of the initial sentencing hearing. Rec. vol. IV, at 11-12.

-8-

We owe considerable deference to the district court's findings supporting the revocation of probation. See Kelley, 359 F.3d 1302, 1305-06 & n.5 (10th Cir. 2004) (concluding that, because the district court properly considered the factors it was bound to review, "we have no difficulty in determining that [a sentence exceeding the Guideline range] was reasoned and reasonable" and noting that the circuit has affirmed other sentences for violations of supervised release that exceeded the range set forth in the Guidelines' policy statements). Accordingly, in light of the evidence indicating Ms. Patton's extensive use of Ms. Moore's credit card and the fact that Ms. Patton engaged in this conduct so soon after her initial sentencing, we conclude that the sentence imposed by the district court was "reasoned and reasonable." Brooks, 976 F.2d at 1361.

## III.  CONCLUSION

We therefore AFFIRM the district court's decision revoking Ms. Patton's probation and imposing a sentence of thirty-six months' incarceration followed by twenty-four months' supervised release.

Entered for the Court,


Robert H. Henry
Circuit Judge


-9-