FILED
United States Court of Appeals
Tenth Circuit

November 20, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

MELVIN JERROD TOLIVER,

　　　　Defendant - Appellant.

No. 06-1534

D. Colo.

(D.C. No. 97-cr-00388-EWN)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On remand from this Court, Melvin Jerrod Toliver was re-sentenced to twenty-two months imprisonment for the revocation of his term of supervised release. *See United States v. Toliver*, 183 Fed. Appx. 745 (10th Cir. 2006)

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(unpublished) (remanding with instructions to vacate sentence and to re-sentence Toliver following a hearing). He received no additional term of supervised release or probation. Toliver appeals from that sentence.

Toliver's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw. The certificate of service indicates counsel served Toliver with the brief and motion. A copy of the *Anders* brief and motion to withdraw was also sent to Toliver pursuant to 10th Cir. R. 46.4(B)(2), but was returned to the Court stamped "No Such Number." In response to an order from this Court, Toliver's counsel indicated he could no longer locate Toliver. Additionally, the response stated Toliver is no longer in federal custody because he has completed serving his sentence for the revocation of his supervised release. Toliver has not attempted to contact the Court nor has he kept the Court apprised of where he can be reached. The government has declined to file a response brief.

Toliver's appeal is moot. "Where judicial relief will not remedy the appellant's injury, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot." *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007) (quotation omitted). "In this circuit, under ordinary circumstances, a defendant who has served his term of imprisonment but is still serving a term of supervised release may challenge his sentence if his unexpired term of supervised release could be reduced or

eliminated by a favorable appellate ruling." *Id.* Because Toliver has completed serving his sentence and is not subject to supervision, we dismiss his appeal.

Were Toliver's appeal not moot, we would dismiss it as frivolous. *Anders* holds "if counsel finds [his client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The client may then "raise any points he chooses." *Id.* Thereafter, the court must completely examine all the proceedings to determine the frivolity of the appeal. "If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . . [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

We have fully examined the proceedings as required by *Anders* and conclude the appeal is wholly without merit. We review the imposition of a sentence in excess of that recommended by the Chapter 7 policy statement of the Sentencing Guidelines to determine whether it was reasoned and reasonable. *See United States v. Rodriguez-Quintanilla*, 442 F.3d 1254 (10th Cir. 2006). As pointed out by counsel in his *Anders* brief, the district court clearly articulated valid reasons for imposing a sentence exceeding the advisory guidelines range for the revocation of Toliver's term of supervised release. *See United States v.*

*Brooks*, 976 F.2d 1358, 1360-61 (10th Cir. 1992) (upholding sentence as reasoned and reasonable where district court demonstrates awareness of USSG §7B1 policy statements, requested briefing from counsel, and clearly states its reasons for imposing a sentence above the advisory guideline range). While the court departed upward from the imprisonment range set out in USSG §7B1.4(a), it did not exceed the maximum sentence allowed by statute. *See* 18 U.S.C. § 3583(e). Furthermore, the district court properly relied on facts in the Supervised Release Violation Report, which Toliver did not contest at the re-sentencing hearing. *See United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994) ("Failure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact.").

We **DISMISS** the appeal as moot and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge