FILED
United States Court of Appeals
Tenth Circuit

**May 3, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CRAIG HARRIS HENSEL,

Defendant-Appellant.

No. 09-2283

(D. New Mexico)

(D.C. No. 2:03-CR-00734-JEC-1)

---

**ORDER AND JUDGMENT***

---

Before **HENRY**, **PORFILIO** and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

# I. BACKGROUND

Craig Harris Hensel admitted that he violated the conditions of his supervised release by testing positive for methamphetamine and by failing to submit urine samples. The district court imposed a six-month sentence, followed by a year of supervised release. Mr. Hensel timely appealed.

On January 4, 2010, Mr. Hensel's counsel filed an *Anders* brief and has moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Under *Anders*, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the Court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

Mr. Hensel filed a one-page document noting that he "did not intend to file a response" and that his "lawyer has abandoned [him]." Letter to the Court, filed Mar. 17, 2010. He noted that because he would "be released on 3/30/10 . . . the appeal is moot." *Id.* The government has declined to respond.

## II. DISCUSSION

Before we can consider the merits of Mr. Hensel's appeal, we are obliged to first examine our jurisdiction. *See Moseley ex rel. Moseley v. Bd. of Educ.*, 483 F.3d 689, 693-94 (10th Cir. 2007). "Article III [of the Constitution] requires a party seeking relief to have 'suffered, or be threatened with, an actual injury traceable to the appellee and likely to be redressed by a favorable judicial decision.'" *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007) (alterations omitted) (quoting *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000)). "When the injury . . . disappears or is resolved extrajudicially prior to the appellate court's decision, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot." *Meyers*, 200 F.3d at 718.

Next, we must examine all the proceedings to determine whether Mr. Hensel's appeal is frivolous. *Anders*, 386 U.S. at 744. "If [we] so find[ ] [we] may grant counsel's request to withdraw and dismiss the appeal." *Id.* "On the other hand, if [we] find[ ] any of the legal points arguable on their merits (and therefore not frivolous) [we] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." *Id.*

Mr. Hensel was originally charged with and pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(1)(b)(1)(B) and 846, and two counts of distribution of methamphetamine, in

violation of 21 U.S.C. §§ 841(a), (b)(1)(B) and (b)(1)(C) and 18 U.S.C. § 2. He received concurrent terms of imprisonment of seventy-two months, followed by a four-year term of supervised release, pursuant to 21 U.S.C. §§ 841(b)(1)(B)(viii). The judgment included a special condition of supervised release that Mr. Hensel not illegally possess a controlled substance, refrain from the use of most intoxicants, and that he participate in and successfully complete a substance abuse treatment program that may included drug testing. Aplt's Br. Attachment A, at 4. He commenced his term of supervised release on September 17, 2007.

On September 25, 2009, his probation officer filed a petition to revoke Mr. Hensel's supervised release, alleging (1) that Mr. Hensel tested positive for methamphetamine on August 18, 2009, and (2) that he failed to submit to required urine testing on June 24, June 30, July 13, and September 8, 2009.

At an October 21, 2009 hearing Mr. Hensel admitted the alleged violations. Mr. Hensel explained he had a good job and he would like to seek help to control his addiction. His counsel explained that Mr. Hensel's daughter was ill with a very rare genetic disease, causing extra stress on the family. The government requested a low-end sentence. The district court reviewed the violation report, and calculated Mr. Hensel's sentence under USSG § 7B1.1, with consideration of the factors listed in 18 U.S.C. § 3553(a)(1). In considering the sentence for this violation, the court calculated an imprisonment range of six to twelve months, and imposed a six-month sentence, followed by a year of supervised release.

A. Mootness

Once a criminal defendant has completed his sentence, his appeal is moot unless "sufficient collateral consequences flow from the conviction and completed sentence." *Meyers*, 200 F.3d at 718. There are many significant consequences of being convicted of a felony. For example, felons often lose many basic civil liberties, including the right to vote or to hold public office. *Spencer v. Kemna*, 523 U.S. 1, 9-10 (1998). Therefore, when a defendant appeals the validity of his conviction, we presume that the consequences are sufficient to overcome any question of mootness. *Id.* at 7-8. However, no such presumption applies when the defendant concedes his guilt and merely challenges the length of his sentence. *Vera-Flores*, 496 F.3d at 1180.

"Where judicial relief will not remedy the appellant's injury, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot." *Id.* (quotation marks omitted). "In this circuit, under ordinary circumstances, a defendant who has served his term of imprisonment but is still serving a term of supervised release may challenge his sentence if his unexpired term of supervised release could be reduced or eliminated by a favorable appellate ruling." *Id.*

Mr. Hensel has not identified any collateral consequences that would be remedied by a successful appeal of the revocation of his supervised release. We agree with Mr. Hensel that to the extent he might have raised error related to the

October 21, 2009 hearing regarding the revocation of supervised release or his resulting six-month term of imprisonment, his appeal is moot. Indeed, publicly available Bureau of Prison records indicate that Mr. Hensel completed his prison term and was released on March 30, 2010. *See* Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Apr. 9, 2010).

B. Merits of remaining possible challenges

We note that Mr. Hensel's release from prison on March 30, 2010, does not render this entire appeal moot, because his sentence included a period of supervised release which the district court could in its discretion shorten or if this case were remanded. The district court has discretion regarding the length of supervised release, *see* 18 U.S.C. § 3583(a)-(b), and can change the supervised release period, *see* § 3583(e)(2). *United States v. Allen*, 434 F.3d 1166, 1170 (9th Cir. 2006).

However, there is no reason for a remand, because any challenge Mr. Hensel might raise to the length or conditions of his supervised release is frivolous. The district court clearly articulated valid reasons for imposing a sentence at the bottom of the advisory guidelines range for the revocation of Mr. Hensel's term of supervised release. *See also United States v. Brooks*, 976 F.2d 1358, 1360-61 (10th Cir.1992) (upholding sentence as reasoned and reasonable where district court demonstrates awareness of USSG § 7B1 policy statements, requested briefing from counsel, and clearly states its reasons for imposing a

sentence *above* the advisory guideline range). We have fully examined the proceedings as required by *Anders* and conclude that to the extent Mr. Hensel might raise any live issues relating to the length or condition of his supervised release, they are wholly without merit.

### III. CONCLUSION

Given Mr. Hensel's release, and our thorough review of the record, we conclude that Mr. Hensel's challenge to the reasonableness of his six-month term of imprisonment is moot and that there are no meritorious issues extant relating to his supervised release for our review on direct appeal. Accordingly, we GRANT counsel's motion to withdraw and we DISMISS the appeal.


Entered for the Court


Robert H. Henry, Circuit Judge