**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 27, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

v.

JOSE ALFREDO VARELA-ORTIZ,

Defendant-Appellant,

No. 06-2057

District of New Mexico

(D.C. No. CIV-05-1253 WP/LFG)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Jose Alfredo Varela-Ortiz, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Varela-Ortiz has failed to make "a substantial showing of the denial of a constitutional right," we **DENY** his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Background

In 2002, Mr. Varela-Ortiz, a Mexican citizen, pleaded guilty to possession with intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. *See United States v. Varela-Ortiz*, 149 Fed. App'x 762, 763 (10th Cir. 2005) (unpublished opinion). He was sentenced to 18 months in prison, followed by 3 years of supervised release. *Id*. On June 5, 2004, Mr. Varela-Ortiz was arrested and charged with illegally re-entering the United States after deportation. *Id*. He pleaded guilty and was sentenced to 46 months in prison, again to be followed by 3 years of supervised release.

On direct appeal before this Court, Mr. Varela-Ortiz argued that the district court committed non-constitutional *Booker* error by imposing his 46-month sentence pursuant to the then-mandatory Guidelines. *Id*. at 764; *see United States v. Booker*, 543 U.S. 220 (2005). We affirmed the sentence, finding that although the district court had committed plain error, Mr. Varela-Ortiz failed to show that the error was "'particularly egregious'." *Varela-Ortiz*, 149 Fed. App'x at 764 (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005)).

On November 30, 2005, Mr. Varela-Ortiz filed a motion in the district court to vacate or reduce sentence pursuant to 28 U.S.C. § 2255. He argued that the sentence exceeded the statutory maximum for his offense and that the district

court improperly enhanced the sentence because the indictment did not charge a prior conviction. He also argued that the district court erred in calculating his sentence by applying the Sentencing Guidelines in a mandatory manner. The district court dismissed the first claim, finding that the indictment specifically mentioned Mr. Varela-Ortiz's prior aggravated felony conviction and that the court was therefore authorized to enhance the sentence under 8 U.S.C. § 1326 (b)(2). The district court also adopted this Court's previous disposition on the *Booker* issue and dismissed Mr. Varela-Ortiz's § 2255 motion.

## II. Discussion

The denial of a motion for relief under § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Mr. Varela-Ortiz first argues that his enhanced sentence amounted to a violation of due process because the government did not mention a prior conviction in the indictment charging him with illegal reentry. However, as the

district court pointed out, the indictment plainly charged that Mr. Varela-Ortiz had previously been convicted of possession of cocaine with intent to distribute, an aggravated felony. R. Doc. 4, p. 1; No. 04 CR1387, Doc. 8. Because of Mr. Varela-Ortiz's prior conviction, the statutory maximum sentence under § 1326(a) did not apply and the district court could sentence him in accordance with § 1326(b)(2), which carries a statutory maximum of twenty years.

Mr. Varela-Ortiz also argues that the district court erred in sentencing him according to the Guidelines and that his sentence is unreasonable in light of *Booker*. Because we already disposed of this issue on direct appeal, Mr. Varela-Ortiz may not raise it again in a § 2255 petition. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Pritchard*, 875 F.2d 789, 791 (10th Cir. 1989).

Finally, Mr. Varela-Ortiz asks us to determine whether, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the validity of the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), must be reconsidered. We have no authority to decide this question, nor can we divine how the Supreme Court might decide it. *See United States v. Michel*, 446 F.3d 1122, 1133 n.4 (10th Cir. 2006) ("Unless and until the Supreme Court determines otherwise, we will continue to follow the rule laid out in *Almendarez-Torres*.").

For the foregoing reasons, we find that Mr. Varela-Ortiz has failed to make a substantial showing of a denial of a constitutional right. Accordingly, we **DENY** his request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge